**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY CAPUANO,

                              **Plaintiff,**

        vs.                                                **9:23-CV-1556**
                                                           **(MAD/CFH)**

NEW YORK STATE DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION,

                              **Defendant.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**ANTHONY CAPUANO**
18-A-0584
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff, *pro se*

**HON. LETITIA JAMES**                      **NICHOLAS W. DORANDO, AAG**
**OFFICE OF THE NEW YORK**                  **ALEXANDRA L. GALUS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

        At all relevant times, Plaintiff was an incarcerated individual in the custody of the New

York State Department of Corrections and Community Supervision ("DOCCS").  *See* Dkt. No. 38

at 6.  On December 11, 2023, *pro se* Plaintiff, Anthony Capuano, commenced this civil rights

action pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim against DOCCS for a

failure to protect.  *See* Dkt. No. 1.  Plaintiff simultaneously filed an application to proceed *in*

1

*forma pauperis* ("IFP").  *See* Dkt. No. 2.  The IFP application was granted on January 10, 2024.

*See* Dkt. No. 4.  That same day, Magistrate Judge Miroslav Lovric permitted Plaintiff's complaint

to proceed past initial review.  *See id.*

On May 9, 2024, DOCCS filed a motion to dismiss.  *See* Dkt. No. 23.  Plaintiff responded

in opposition.  *See* Dkt. Nos. 26, 31.  Defendant replied.  *See* Dkt. No. 32.  On November 22,

2024, Plaintiff filed an amended complaint which did not raise any new allegations or name any

new defendants.  *See* Dkt. No. 38.  In a Report-Recommendation and Order dated January 13,

2025, Magistrate Judge Lovric recommended that the Court grant Defendant's motion to dismiss,

and that the amended complaint be dismissed without prejudice, allowing Plaintiff an opportunity

to file a second amended complaint.  *See* Dkt. No. 39.  Neither party has objected to the Report-

Recommendation and Order.[1]

## I. DISCUSSION

### A. Standard of Review

When no objection is made to a report-recommendation, the court subjects that report-

recommendation to only a clear-error review.  *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229

(N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983).  When

performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation.'"  *Id.* (citation omitted).  After

the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or

recommendation made by the magistrate judge."  28 U.S.C. § 636(b)(1).

---

[1] The Court adopts the factual background set forth in Magistrate Judge Lovric's Report-
Recommendation and Order and the Court assumes the parties' familiarity with the same.  *See*
Dkt. No. 39 at 1-2.

### B. Motion to Dismiss under Rule 12(b)(1)

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Further, "[t]he party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists." *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019).  In ruling on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.  "When evaluating a motion to dismiss pursuant to Rule 12(b)(1), district court must resolve all ambiguities and draw all inferences in favor of the plaintiff." *Stegemann v. United States*, No. 9:21-CV-00949, 2024 WL 5182184, *2 (N.D.N.Y. Dec. 20, 2024).

Allegations raised in a *pro se* complaint are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Further, when dealing with *pro se* litigants courts are required "to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  "Generally, before the court dismisses a *pro se* complaint . . . the court should afford the plaintiff the opportunity to amend at least once . . . ." *Marrocolo v. Coddington*, No. 6:24-CV-1091, 2024 WL 4198365, *3 (N.D.N.Y. Sept. 16, 2024).  A "court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).

**C.  Analysis**

The Court does not discern any clear error in the Report-Recommendation and Order.  As such, the Court finds that Magistrate Judge Lovric correctly determined that the Court should grant Defendant's motion to dismiss, and that the amended complaint should be dismissed without prejudice, allowing Plaintiff an opportunity to file a second amended complaint.  *See* Dkt. No. 39 at 2.

First, Magistrate Judge Lovric correctly determined that it was appropriate to consider the motion to dismiss in the context of the allegations set forth in the amended complaint.  *See id.* at 5.  When a "plaintiff seeks to amend his complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *Hamzik v. Off. for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 273-74 (N.D.N.Y. 2012) (internal citations omitted).  Magistrate Judge Lovric, therefore, had discretion to consider the motion to dismiss in light of any new factual allegations raised in Plaintiff's amended complaint.  *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303-04 (2d Cir. 2020) (holding that the plaintiff's "amended complaint did not moot Defendants-Appellees' pending motion to dismiss because the new allegations did not save her claim").  Plaintiff's amended complaint merely changed the form of relief sought and failed to add a proper party. *See* Dkt. No. 38 at 1, 5.  Although the amended complaint referenced several corrections officers Plaintiff alleges failed to protect him, the amended complaint is still insufficient to overcome the motion to dismiss.  *See id.* at 12.  As such, it was not a clear error for Magistrate Judge Lovric to consider the motion to dismiss in light of the allegations raised in the amended complaint.

Second, Magistrate Judge Lovric correctly found that Defendant's motion to dismiss should be granted because DOCCS is not a proper defendant under the Eleventh Amendment, and Plaintiff's desired relief cannot be granted. *See* Dkt. No. 39 at 7. Specifically, Magistrate Judge Lovric noted that the Eleventh Amendment bars suits for damages against DOCCS. *See id.* "The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens, unless (1) the state consents to be sued, or (2) Congress validly abrogates the state's immunity." *Ross v. City Univ. of N.Y.*, 211 F. Supp. 518, 526 (E.D.N.Y. 2016) (citing *Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). "Absent proper Congressional abrogation or State waiver, the Eleventh Amendment bars a federal court from hearing suits at law or in equity against a State brought by citizens of that State or another." *Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2010).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)). Thus, absent a showing of congressional abrogation or state waiver, the Eleventh Amendment precludes Plaintiff's suit for monetary damages against DOCCS. *See Czerwinski v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 394 F. Supp. 3d 210, 227 (N.D.N.Y. 2019) ("There can be no dispute that DOCCS is an agency and arm of the State of New York and, therefore, entitled to New York's Eleventh Amendment immunity"). "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity . . . ." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983 . . . ." *Sargent v. Emons*, 582 Fed. Appx. 51, 52 (2d Cir. 2014). New

York has not waived its Eleventh Amendment immunity in relation to DOCCS. *See Czerwinski*, 394 F. Supp. 3d at 227.

Therefore, Magistrate Judge Lovric's determination that Plaintiff's claim for monetary damages against DOCCS under § 1983 is barred by the Eleventh Amendment, because DOCCS is an arm of the State, is not in error. *See Kearney v. Adams*, No. 9:15-CV-0824, 2016 WL 11807213, *2 (N.D.N.Y. Apr. 8, 2016). As Congress has not abrogated state sovereign immunity under § 1983, nor has New York consented to being sued, the Eleventh Amendment shields DOCCS from liability. *See Will*, 491 U.S. at 66 (1989); *Czerwinski*, 394 F. Supp. 3d at 227.

Further, Magistrate Judge Lovric correctly determined that the *Ex parte Young* exception to Eleventh Amendment immunity does not apply. *See* Dkt. No. 39 at 7. "The *Ex parte Young* doctrine provides 'a narrow exception' to Eleventh Amendment immunity '[] allow[ing] certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law.'" *Unkechaug Indian Nation v. Seggos*, 126 F.4th 822, 829 (2d Cir. 2025). The exception applies only where a party alleges an ongoing violation of state law and where the party seeks prospective relief. *See id*. Magistrate Judge Lovric did not err in finding that the *Ex parte Young* exception does not apply because Plaintiff only named DOCCS as a Defendant and sought only monetary damages in his amended complaint. *See* Dkt. No. 1 at 1; Dkt. No. 38. at 1, 5; *see also Unkechaug Indian Nation*, 126 F.4th at 829. Therefore, the Court finds no clear error in the Report-Recommendation and Order's analysis of Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

Finally, Magistrate Judge Lovric correctly determined that Plaintiff's amended complaint should be dismissed without prejudice, allowing for Plaintiff to file a second amended complaint. *See* Dkt. No. 39 at 8. Under Rule 12(b)(1), when a case is dismissed for lack of subject matter

6

jurisdiction, "Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist." *Hernandez v. Coniv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999). As such, "where a case is dismissed for lack of Article III standing, as here, that disposition cannot be entered with prejudice, and instead must be dismissed without prejudice." *Katz v. Donna Karan Co. Store*, 872 F.3d 114, 121 (2d Cir. 2017).

Magistrate Judge Lovric correctly noted that Plaintiff's *pro se* status affords him special solicitude. *See* Dkt. No. 39 at 8. As such, Magistrate Judge Lovric indicated that because the amended complaint identified specific corrections officers that Plaintiff alleged were responsible for the harm, and he sought monetary damages in lieu of injunctive relief, there is a possibility that a second amended complaint could be viable. *See id.* The Court finds no clear error in Magistrate Judge Lovric's determination that the amended complaint should be dismissed without prejudice and with leave to file a second amended complaint.

## II. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Report-Recommendation and Order (Dkt. No. 39) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 23) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 38) is **DISMISSED without prejudice** for lack of subject matter jurisdiction, and **with leave to replead**; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **THIRTY (30) DAYS** of the date of this Order; and the Court further

7

**ORDERS** that, if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order of the Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties accordance with the local rules.

**IT IS SO ORDERED.**

Dated: March 24, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge